1

2

3

4

5

6

7

8         IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONALD G. ROSENE, et al.,

11             Plaintiff,                    No. 2:12-cv-0409 GEB GGH PS

12        vs.

13

BANK OF AMERICA, N.A., et al.,

14                                           FINDINGS & RECOMMENDATIONS
              Defendant.

15   _____/

16             This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

17   Plaintiffs are proceeding in pro se, having filed this action on February 16, 2012.  Presently

18   before the court are defendants Bank of America, N.A. and ReconTrust Company N.A.'s[1] motion

19   to dismiss and motion to strike, filed May 18, 2012.  Plaintiffs did not file an opposition.  By

20   order filed June 12, 2012, the hearing on the motion was vacated due to plaintiffs' failure to file

21   an opposition.

22             Although the court liberally construes the pleadings of pro se litigants, they are

23   required to adhere to the rules of court.  As set forth in the district court's order requiring status

24   report, failure to obey local rules may not only result in dismissal of the action, but "no party will

25   _____

[1]  ReconTrust is a wholly owned subsidiary of Bank of America Corporation.  (Dkt. no.
26   5.)

1

be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

As plaintiffs failed to file an opposition, defendants' motion is considered unopposed. Furthermore, the court has reviewed the motion to dismiss and finds that it has merit.

Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). TILA provides that a plaintiff can bring an action to recover damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiffs bring this action more than twelve years after consummation of the loan; accordingly, their TILA claim is time-barred.

12 U.S.C. § 2605(e)(1) of the RESPA requires the servicer to provide information relating to the servicing of the loan upon a qualified written request ("QWR") by the borrower. This claim is also time barred. See 12 U.S.C. § 2614 (providing for one year statute of limitations period for violations of §§ 2607 and 2608, and three year limitations period for violations of § 2605).

The state law claims should be dismissed where there are no federal claims remaining. This court declines to exercise supplemental jurisdiction over plaintiffs' possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction").

\\\\\\

1          Accordingly, IT IS RECOMMENDED that:

2          1. Bank of America, N.A. and ReconTrust Company N.A.'s motion to dismiss,

3 filed May 18, 2012, (dkt. no. 6), be granted;

4          2.  Bank of America, N.A. and ReconTrust Company N.A.'s motion to strike,

5 filed May 18, 2012, (dkt. no. 9), be denied as moot; and

6          3.  This action be dismissed with prejudice.

7          These findings and recommendations are submitted to the United States District

8 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

9 fourteen (14) days after being served with these findings and recommendations, any party may

10 file written objections with the court and serve a copy on all parties.  Such a document should be

11 captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

12 objections shall be served and filed within seven (7) days after service of the objections.  The

13 parties are advised that failure to file objections within the specified time may waive the right to

14 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: July 3, 2012

16                           /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE

17 GGH:076/Rosene0409.fr.wpd

18

19

20

21

22

23

24

25

26